IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Antoinette Lavern and Tracy Kramer, on behalf of themselves and all other similarly situated individuals,**<br><br>Plaintiffs,<br><br>v.<br><br>**Asurion Insurance Services, Inc. and Asurion Services, LLC,**<br><br>Defendants. | Case No. 3:15-cv-01111<br><br>Judge Waverly Crenshaw<br><br>Mag. Judge Barbara D. Holmes |

## JOINT MOTION AND MEMORANDUM OF LAW FOR COURT APPROVAL OF FLSA SETTLEMENT

Named Plaintiff Tracy Kramer, Opt-In Plaintiff LaSere Reid-Smith, and Opt-In Plaintiff Teinna Dukes (collectively, "Plaintiffs") and Defendants Asurion Insurance Services, Inc. ("Asurion Insurance") and Asurion Services, LLC ("Asurion Services") (collectively, "Defendants") respectfully file this Joint Motion and Memorandum of Law for Court Approval of FLSA Settlement,[1] and show the Court as follows:

**I. INTRODUCTION**

In this alleged hybrid class and collective action brought under the Fair Labor Standards Act ("FLSA"), and for alleged breach of contract under various state laws, Plaintiffs and Defendants jointly request that the Court enter a stipulated order approving the settlement

---

[1] The parties previously moved for court approval of their FLSA settlement agreements. On September 21, 2016, the Court denied approval without prejudice in the event the parties are able to negotiate settlements that do not require sealing of the settlement agreements or broad language regarding confidentiality. (Dkt. No. 84.) The parties now resubmit their revised FLSA settlement agreements for court approval, in conformity with the Court's September 21, 2016 Order.

reached between the Parties. The Parties have carefully and exhaustively negotiated settlement in this action. The Parties have agreed to settle the case on individual bases, taking into account the disputed issues of fact and law, on the terms set forth in the Parties' Joint Stipulation of Settlement ("Joint Stipulation") and in each individual Settlement Agreement and Release of Claims (collectively, the "Agreements"). The Agreements are attached as Exhibit A to the Parties' Joint Stipulation. Plaintiffs are withdrawing their class and collective action claims. Furthermore, the Parties have agreed that, upon Court approval of this Joint Stipulation, the Action will be dismissed, with prejudice.

Although the Sixth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, District Courts in the Sixth Circuit have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See, e.g., Applegate-Walton v. Olan Mills, Inc*., 2010 U.S. Dist. LEXIS 77965, at *5 (M.D. Tenn. Aug. 2, 2010) (approving FLSA settlement pursuant to *Lynn's Food Stores*). In the "context of suits brought directly by employees against their employer… to recover back wages for FLSA violations," the Parties must present any proposed settlement to the District Court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Accordingly, the Parties request that this Court review this settlement under the procedures and standards set forth in *Lynn's Food Stores,* 679 F.2d at 1350. The Court will find that the Agreements are fair and should be approved. The Agreements reflect a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiffs were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

II.     BACKGROUND

Asurion Services employed Plaintiff Kramer as an hourly at-home customer service

representative in Wisconsin from October 2012 to June 2013. (First Am. Compl. ¶¶ 1, 12.) Asurion Services employed Plaintiff Reid-Smith as an hourly at-home customer service representative in Georgia from December 2013 to September 2014. Asurion Insurance employed Plaintiff Dukes as an hourly at-home customer service representative in North Carolina from May 2013 to April 2016.[2]

Plaintiff Kramer filed the original Complaint and his consent to join this lawsuit on October 20, 2015. (Dkt. No. 1.) Plaintiff Kramer subsequently filed the First Amended Complaint on December 9, 2015.[3] (Dkt. No. 13.) Plaintiff Reid-Smith filed her consent to join this lawsuit as a party plaintiff on November 16, 2015. (Dkt. No. 11.) Plaintiff Dukes filed her consent to join this lawsuit as a party plaintiff on July 11, 2016. (Dkt. No. 71.)

Plaintiff Kramer hereby withdraws the pending Motion for Conditional Certification (Dkt. No. 39) and is no longer seeking a class- or collective-wide settlement. Plaintiffs now assert only individual claims for alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

Defendants deny that they failed to pay Plaintiffs for all time worked and deny that they violated the FLSA or any other federal, state, or local law. Nonetheless, both Plaintiffs and Defendants request that this Court approve the Parties' Agreements.

---

[2] Another opt-in plaintiff, Everett Douglas, Jr., filed his consent to join on November 16, 2015 (Dkt. No. 11), but because he was not employed by either Defendant during the relevant time period, he withdrew his consent to join on July 11, 2016 (Dkt. No. 72).
[3] Former plaintiff Aurora Lee joined in the filing of the original Complaint, but did not join in Plaintiffs' filing of the First Amended Complaint, thus voluntarily dismissing herself from this lawsuit. Ms. Lee's consent to join (Dkt. No. 1-2) was stricken by the Court in its March 2, 2016 Order (Dkt. No. 38). Also, former plaintiff Antoinette Lavern joined in filing both the original Complaint and the Amended Complaint, but she withdrew her consent to join this action on May 3, 2016 (Dkt. No. 64).

## III. THE COURT SHOULD APPROVE THE AGREEMENTS

This Court should approve the Agreements because the settlement was achieved in an adversarial context, Plaintiffs are represented by competent and experienced counsel, and the Agreements reflect a reasonable compromise over disputed issues. Moreover, the settlement provisions are fair and reasonable under all of the facts and circumstances.

A district court, when reviewing a proposed settlement of an FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-55. *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA settlement:

1. Was the settlement achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
4. Is the settlement fair?

*Id.* at 1353-54.

The negotiated settlement for all three Plaintiffs in the total amount of $9,000.00, including attorneys' fees, was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have extensive experience with wage and hour claims. Plaintiffs' attorneys protected their clients' rights and interests based on the facts of the case and the relative strengths and weaknesses of the claims and defenses in this case. The settlement further reflects reasonable compromises regarding *bona fide* disputes between the Parties with respect to the amount of any liability under the FLSA or various state laws. The terms of the Agreements are being submitted to the Court for *in camera* review. Each Plaintiff under his or her respective Agreement will receive full relief of his or her alleged wage shortage

plus an equal amount in liquidated damages. The settlement is a fair, just, and adequate resolution of the claims at issue. *See Williams v. Bevill*, 2016 U.S. Dist. LEXIS 25002, at *4 (E.D. Tenn. Feb. 8, 2016) (approving proposed FLSA settlement).

As counsel for the Parties and this Court well understand, litigation is an inherently risky process. Plaintiffs may succeed at trial or may get nothing if this case proceeds through trial. Defendants deny that they violated the FLSA, deny that they breached any alleged contracts, or that they are liable to Plaintiffs in any amount. Even if Plaintiffs were to prevail on the issue of liability, a process likely to consume many more months, their damages might not exceed the amount to which the Parties have agreed to settle at this stage. Indeed, by definition, a claim for "off-the-clock" work cannot be proven through payroll records and the Parties' contentions would have to be established largely through credibility assessments of all fact witnesses, and further analysis of documents to determine whether a potential claim for overtime could be sustained for each workweek, even if the jury found that Plaintiffs' allegations were to be believed. Accordingly, none of the Parties could reasonably have any level of certainty as to the ultimate probability of success. In making the determination to approve a settlement, the court should recognize that "because the very point of compromise is to avoid determining contested issues and to avoid the expense and uncertainty of litigation, the Court should not 'decide the merits of the case or resolve unsettled legal questions.'" *Birchett v. Apt. Inv. & Mgmt. Co.*, 2008 U.S. Dist. LEXIS 107441, at *3 (E.D. Mich. Nov. 28, 2008) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)) (approving proposed FLSA settlement).

Here, settlement was achieved as the result of contested litigation to resolve bona fide disputes concerning Plaintiff's entitlement to alleged unpaid overtime under the FLSA, and the settlement should be approved by this Court. *See Simmons v. Mathis Tire & Auto Serv.*, 2015

U.S. Dist. LEXIS 114008, at *1 (W.D. Tenn. Aug. 20, 2015) (approving proposed FLSA settlement).

IV.  **ADDITIONAL FACTORS TO CONSIDER IN ASSESSING REASONABLENESS OF SETTLEMENT**

The Parties have entered into the proposed Agreements to avoid the necessity, expense, inconvenience, and uncertainty of litigation. This is a matter where continued attorneys' fees and costs on both sides could easily dwarf the actual amount in controversy. Defendants assert that their potential exposure to Plaintiffs' claims is minimal, if it exists at all. The Parties, with the Court's approval, would now like to resolve and settle all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA or common law breach of contract theories involved in this Action.

V.  **CONCLUSION**

The Parties believe that the settlement terms reached are a fair and reasonable compromise of the respective positions of the Parties. The Parties therefore respectfully request that the Court approve the Joint Stipulation and the Agreements, and enter the Proposed Order. Entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of this action in accordance with Fed. R. Civ. P. 1. While the Parties agree the Court may rule on this matter without oral argument, should the Court find it necessary to hold a status conference on the matter, counsel for the Parties stand ready to appear for conference at the Court's convenience.

Respectfully submitted, this 4th day of October, 2016.

| | |
|---|---|
| */s/ Jacob R. Rusch* | */s/ Leslie A. Dent* |
| Jacob R. Rusch (admitted pro hac vice)<br>jrusch@johnsonbecker.com<br>JOHNSON BECKER, PLLC<br>444 Cedar Street, Suite 1800<br>Saint Paul, MN 55101<br>Telephone: 612.436.1800<br>Facsimile: 612.436.1801<br><br>Gregory F. Coleman<br>Mark E. Silvey<br>greg@gregcolemanlaw.com<br>mark@gregcolemanlaw.com<br>GREG COLEMAN LAW PC<br>First Tennessee Plaza<br>800 S. Gay Street, Suite 1100<br>Knoxville, TN 37929<br>Telephone: 865.247.0080<br>Facsimile: 865.522.0049<br><br>Jason J. Thompson<br>Jesse L. Young<br>jthompson@sommerspc.com<br>jyoung@sommerspc.com<br>SOMMERS SCHWARTZ, P.C.<br>One Towne Square, Suite 1700<br>Southfield, Michigan 48076<br>Telephone: 248.355.0300<br>Facsimile: 248.746.0300<br><br>Attorneys for Plaintiffs | Leslie A. Dent (admitted pro hac vice)<br>ldent@littler.com<br>Amy M. Palesch (admitted pro hac vice)<br>apalesch@littler.com<br>LITTLER MENDELSON, P.C.<br>3344 Peachtree Road N.E., Suite 1500<br>Atlanta, GA 30326.4803<br>Telephone: 404.233.0330<br>Facsimile: 404.233.2361<br><br>Roger D. Scruggs, TN Bar No. 29381<br>rscruggs@littler.com<br>LITTLER MENDELSON, P.C.<br>333 Commerce Street, Suite 1450<br>Nashville, TN 37201<br>Telephone: 615.383.3033<br>Facsimile: 615.383.3323<br><br>Attorneys for Defendants Asurion Insurance Services, Inc. and Asurion Services, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2016, I electronically filed the foregoing **JOINT MOTION AND MEMORANDUM OF LAW FOR COURT APPROVAL OF FLSA SETTLEMENT** with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Jacob R. Rusch
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
jrusch@johnsonbecker.com

Gregory F. Coleman
Mark E. Silvey
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com

Jason J. Thompson
Jesse L. Young
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com
jyoung@sommerspc.com

Attorneys for Plaintiffs

*/s/ Leslie A. Dent*
Leslie A. Dent
LITTLER MENDELSON, P.C.
Attorneys for Defendants