IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Antoinette Lavern and Tracy Kramer, on behalf of themselves and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>**Asurion Insurance Services, Inc. and Asurion Services, LLC,**<br><br>    Defendants. | Case No. 3:15-cv-01111<br><br>Judge Waverly Crenshaw<br><br>Mag. Judge Barbara D. Holmes |

**JOINT STIPULATION OF SETTLEMENT**

This Joint Stipulation of Settlement ("Joint Stipulation") was made and entered into by, between, and among Named Plaintiff Tracy Kramer, Opt-In Plaintiff LaSere Reid-Smith, and Opt-In Plaintiff Teinna Dukes (collectively, "Plaintiffs") and Defendants Asurion Insurance Services, Inc. ("Asurion Insurance") and Asurion Services, LLC ("Asurion Services") (collectively, "Defendants"), and is conditioned upon the Court's approval and entry of a Final Order.

**A.**    **DEFINITIONS**

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another Section.

    1.    "Action" means the above-captioned civil action.

    2.    "Court" means the United States District Court, Middle District of Tennessee.

    3.    "Defendants' Counsel" means Littler Mendelson, P.C.

    4.    Plaintiffs and Defendants are referred to collectively as "the Parties."

1

5. "Plaintiffs' Counsel" means Johnson Becker, PLLC.

6. "Settlement Agreements" means collectively the Settlement Agreements each Plaintiff has with the Defendant who employed him or her to settle the Action; all three Settlement Agreements are attached collectively hereto as Exhibit A.

7. "The settlement" means the agreement by each Plaintiff with the Defendant who employed him or her to settle the Action per the terms of this Joint Stipulation and the Settlement Agreements.

**B.  BACKGROUND**

Asurion Services employed Plaintiff Kramer as an hourly at-home customer service representative in Wisconsin from October 2012 to June 2013. Asurion Services employed Plaintiff Reid-Smith as an hourly at-home customer service representative in Georgia from December 2013 to September 2014. Asurion Insurance employed Plaintiff Dukes as an hourly at-home customer service representative in North Carolina from May 2013 to April 2016.[1]

Plaintiff Kramer filed the original Complaint and his consent to join this lawsuit on October 20, 2015. (Dkt. No. 1.) Plaintiff Kramer subsequently filed the First Amended Complaint on December 9, 2015.[2] (Dkt. No. 13.) Plaintiff Reid-Smith filed her consent to join this lawsuit as a party plaintiff on November 16, 2015. (Dkt. No. 11.) Plaintiff Dukes filed her consent to join this lawsuit as a party plaintiff on July 11, 2016. (Dkt. No. 71.)

---

[1] Another opt-in plaintiff, Everett Douglas, Jr., filed his consent to join on November 16, 2015 (Dkt. No. 11), but because he was not employed by either Defendant during the relevant time period, he withdrew his consent to join on July 11, 2016 (Dkt. No. 72).

[2] Former plaintiff Aurora Lee joined in the filing of the original Complaint, but did not join in Plaintiffs' filing of the First Amended Complaint, thus voluntarily dismissing herself from this lawsuit. Ms. Lee's consent to join (Dkt. No. 1-2) was stricken by the Court in its March 2, 2016 Order (Dkt. No. 38). Also, former plaintiff Antoinette Lavern joined in filing both the original Complaint and the Amended Complaint, but she withdrew her consent to join this action on May 3, 2016 (Dkt. No. 64).

As addressed below, Plaintiff Kramer hereby withdraws the pending Motion for Conditional Certification (Dkt. No. 39) and is no longer seeking a class- or collective-wide settlement in this Action. Plaintiffs now assert only individual claims for alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

The Parties conducted significant investigation regarding the merits of Plaintiffs' individual allegations and Defendants' defenses. The investigation consisted of witness interviews; the deposition by written question of Plaintiff Reid-Smith; and reviewing, analyzing, and exchanging (in informal discovery) documents and electronic data including timekeeping records, employee personnel records, and payroll data. Counsel further analyzed the applicable law as applied to the facts discovered regarding Plaintiffs' allegations, Defendants' defenses thereto, and the damages claimed by Plaintiffs.

Even today, the Parties disagree on procedural and substantive issues. Plaintiffs believe that they would prevail on their individual claims if this litigation proceeded. Defendants believe they would win summary judgment on each Plaintiff's claims.

For settlement purposes only, the Parties submit this Joint Stipulation. If for any reason this FLSA settlement is not approved by the Court, this Joint Stipulation will be void and of no force and effect, and the Parties expressly reserve their rights with respect to the prosecution and defense of the Action as if this Joint Stipulation never existed.

C. **REASONS FOR SETTLEMENT**

1. Plaintiffs and Plaintiffs' Counsel believe that the individual claims asserted in the Action have merit. However, Plaintiffs' Counsel acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Defendants through trial and possible appeals. Plaintiffs' Counsel also have taken into account the uncertain outcome and the

risk of any litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. Plaintiffs' Counsel engaged in intensive arm's length negotiations with Defendants' counsel in order to achieve a settlement. Plaintiffs and Plaintiffs' Counsel believe that the settlement reached confers substantial benefits upon each Plaintiff and that the settlement is fair, reasonable, and adequate, in accordance with the law, and in the best interests of Plaintiffs.

2. Defendants deny liability or wrongdoing of any kind associated with Plaintiffs' claims. Although Defendants vigorously contest the allegations in the Action and deny that they committed any wrongful action or violation of law, Defendants believe nonetheless that further litigation would be protracted, expensive, and contrary to their best interests. In light of these realities, Defendants believe that settlement is the best way to resolve the disputes among the Parties.

3. This Joint Stipulation and the consideration provided herein are made and received solely on the basis of a compromise of highly disputed claims, and this Joint Stipulation is not, and may not be construed as, an admission by Defendants of any liability whatsoever, nor is or shall it be construed as an admission of any act or fact whatsoever, including any violation of federal, state or local statute, ordinance directive, regulation or order (including executive orders) or common law.

### D. MONETARY TERMS OF SETTLEMENT

1. In consideration for the terms, conditions and undertakings by or relating to Plaintiffs in this Joint Stipulation and the mutual promises and covenants contained herein and in the Settlement Agreements, Defendants agree to pay in total $9,000.00 to settle all three Plaintiffs' claims, which is inclusive of all payments to each Plaintiff, Plaintiffs' attorneys' fees

4

and costs, and enhanced payments to Plaintiff Kramer and Plaintiff Reid-Smith. Following Court approval of this Joint Stipulation and the dismissal with prejudice of the Action, Defendants will pay each Plaintiff their respective settlement amount in accordance with Sections A and D of their respective Settlement Agreements.

2. Plaintiffs' attorneys' fees and costs will be subtracted from the gross settlement amount and paid to Plaintiffs' Counsel. Plaintiffs' attorneys' fees and costs in this Action amount to $3,408.68; however, $250.00 will be subtracted from this amount because Plaintiffs' Counsel agreed to pay for the deposition cancellation costs Defendants incurred for the noticed April 27, 2016 depositions of Plaintiff Reid-Smith and former Plaintiff Douglas. Therefore, the total amount of Plaintiffs' attorneys' fees and costs is $3,158.68. This amount of attorneys' fees and costs will be allocated amongst the three Plaintiffs as set forth in their Settlement Agreements. The Parties agree that the amount of attorneys' fees and costs are fair and reasonable.

3. The amounts to be received by the three plaintiffs are set forth in their individual Settlement Agreements. Plaintiff Kramer (who is the sole remaining Named Plaintiff and provided information and assistance in the prosecution of this Action) and Plaintiff Reid-Smith (who was deposed by written question) will each receive an additional incentive payment.

4. Half of each Plaintiff's settlement payment shall be treated for tax purposes as wages for the purpose of IRS reporting, while the other half shall be treated for tax purposes as payments for liquidated damages (as shall the incentive payments to Plaintiff Kramer and Plaintiff Reid-Smith). Defendants will prepare and issue to each Plaintiff a W-2 for half of the settlement payment and an IRS Form 1099 for the remaining settlement payment allocated as liquidated damages (and incentive payment, if applicable). Defendants will be responsible for calculating the amount of withholdings for the wages portion of the settlement, and shall be

5

responsible for the calculation of the employer's share of payroll taxes resulting from any wage payments to Plaintiffs. All wage payments to Plaintiffs will be subject to withholding as required by applicable law, including, but not limited to, income tax withholding and the employee portion of any payroll taxes. Defendants will be responsible for paying all applicable employer-share tax contributions. Defendants will report payments to Plaintiffs' Counsel on an IRS Form 1099.

E. **RELEASE OF CLAIMS**

1. Upon the Court's approval of this settlement and entry of the Final Order, Plaintiffs will release and discharge Defendants and their current or former owner, parent, subsidiary and/or affiliated companies, and their predecessors, successors, assigns, officers, owners, directors, managers, partners, shareholders, employees, agents, attorneys, insurers, representatives and assigns, and any related parties ("Released Parties") from any and all claims, causes of action, or liabilities based on, arising out of, or related to any allegation that Defendants violated Plaintiffs' rights under any applicable wage and hour law, including, but not limited to, any allegation that Defendants did not properly compensate each Plaintiff under any federal, state, or local statute, common law or contract for all hours worked, and including, but not limited to, all claims, causes of action, and liabilities asserted in the Action. Released claims will include, but are not limited to, any and all claims arising from or dependent on state or local wage and hour laws, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and all of their implementing regulations, regardless of whether or not those claims were expressly alleged in the Action.
6

Case 3:15-cv-01111 Document 86 Filed 10/04/16 Page 6 of 11 PageID #: 867

2. Plaintiffs are withdrawing all class and collective action claims alleged in the Complaint and their pending Motion for Conditional Certification (Dkt. No. 39) and are no longer seeking a class- or collective-wide settlement in this Action.

3. Prior to and as a condition of receiving a settlement payment, each Plaintiff must accept and sign the terms of their respective Settlement Agreement, containing a release which reads:

> Employee releases (*i.e.*, gives up) all known and unknown claims that Employee has against [appropriate Defendant who employed the Plaintiff] through the date on which Employee signs this Settlement Agreement, and its current or former owner, parent, subsidiary and/or affiliated companies, and its and their predecessors, successors, assigns, officers, owners, directors, managers, partners, shareholders, employees, agents, attorneys, insurers, representatives and assigns, and any related parties, including but not limited to [other Defendant who did not employ the Plaintiff] (collectively, "Released Parties"), except claims that the law does not permit Employee to waive by signing this Settlement Agreement. For example, Employee releases all common law contract, tort, or other claims Employee might have, as well as all claims Employee might have under the Fair Labor Standards Act (FLSA), the WARN Act, Title VII of the Civil Rights Act of 1964, Sections 1981 and 1983 of the Civil Rights Act of 1866, the Americans With Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Employee Retirement Income Security Act of 1974 (ERISA), and similar state or local laws, including but not limited to the laws of Tennessee and [the respective state where each Plaintiff worked for either Defendant].

Any Plaintiff who fails to execute this release will have no right to receive a settlement payment.

4. Plaintiffs' Counsel's execution of this Joint Stipulation, when approved by the Court, and after such approval has become final, shall fully effectuate the release provisions of Paragraph F(1) above to which each Plaintiff is bound.

5. By executing their respective Settlement Agreement, each Plaintiff shall be deemed to and shall have waived, released, discharged and dismissed all released claims as set forth in Paragraph F(1) above, with full knowledge of any and all rights they may have, and they

7

hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

F.   **DISMISSAL WITH PREJUDICE**

The Parties agree to cooperate and take all steps necessary and appropriate to dismiss this Action, with prejudice. The Parties agree that, upon Court approval of the Joint Stipulation and the Settlement Agreements, the Action will be dismissed with prejudice.

G.   **RESOLUTION OF FUTURE DISPUTES**

Plaintiffs confirm that, other than the instant Action, there is no claim, charge, complaint, or action currently pending by them against Defendants that includes wage and hour claims or allegations relating to retaliation for wage and hour claims. In the event that any such claim, charge, complaint or action is filed, Plaintiffs shall not be entitled to recover any damages or other relief therefrom, including costs and attorneys' fees. This Joint Stipulation is intended to resolve all wage and hour related issues, known or unknown, pled or otherwise, as of the date of this Joint Stipulation.

H.   **CONSTRUCTION**

The terms and conditions of this Joint Stipulation are the result of significant arms-length negotiations between and among the Parties. Accordingly, this Joint Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of the Joint Stipulation.

I.   **INTEGRATION**

This Joint Stipulation and the Settlement Agreements contain the entire agreement between each Plaintiff and Defendants relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and

8

statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## J.     BINDING ON SUCCESSORS AND ASSIGNS

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## K.     PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted, this 4th day of October, 2016.

| | |
|---|---|
| */s/ Jacob R. Rusch* | */s/ Leslie A. Dent* |
| Jacob R. Rusch (admitted pro hac vice) | Leslie A. Dent (admitted pro hac vice) |
| jrusch@johnsonbecker.com | ldent@littler.com |
| JOHNSON BECKER, PLLC | Amy M. Palesch (admitted pro hac vice) |
| 444 Cedar Street, Suite 1800 | apalesch@littler.com |
| Saint Paul, MN 55101 | LITTLER MENDELSON, P.C. |
| Telephone: 612.436.1800 | 3344 Peachtree Road N.E., Suite 1500 |
| Facsimile: 612.436.1801 | Atlanta, GA 30326.4803 |
| | Telephone: 404.233.0330 |
| Gregory F. Coleman | Facsimile: 404.233.2361 |
| Mark E. Silvey | |
| greg@gregcolemanlaw.com | Roger D. Scruggs, TN Bar No. 29381 |
| mark@gregcolemanlaw.com | rscruggs@littler.com |
| GREG COLEMAN LAW PC | LITTLER MENDELSON, P.C. |
| First Tennessee Plaza | 333 Commerce Street, Suite 1450 |
| 800 S. Gay Street, Suite 1100 | Nashville, TN 37201 |
| Knoxville, TN 37929 | Telephone: 615.383.3033 |
| Telephone: 865.247.0080 | Facsimile: 615.383.3323 |
| Facsimile: 865.522.0049 | |
| | Attorneys for Defendants Asurion Insurance |
| Jason J. Thompson | Services, Inc. and Asurion Services, LLC |
| Jesse L. Young | |
| jthompson@sommerspc.com | |
| jyoung@sommerspc.com | |
| SOMMERS SCHWARTZ, P.C. | |
| One Towne Square, Suite 1700 | |
| Southfield, Michigan 48076 | |
| Telephone: 248.355.0300 | |
| Facsimile: 248.746.0300 | |
| | |
| Attorneys for Plaintiffs | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2016, I electronically filed the foregoing **JOINT STIPULATION OF SETTLEMENT** with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Jacob R. Rusch
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
jrusch@johnsonbecker.com

Gregory F. Coleman
Mark E. Silvey
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com

Jason J. Thompson
Jesse L. Young
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
jthompson@sommerspc.com
jyoung@sommerspc.com

*/s/ Leslie A. Dent*
Leslie A. Dent
LITTLER MENDELSON, P.C.
Attorneys for Defendants